# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **Lee Collins,** | ) CASE NO. 1:18 CV 1940 |
| | ) |
| **Plaintiff,** | ) JUDGE DONALD C. NUGENT |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OF OPINION** |
| **Sherley Smith, Chairperson,** | ) **AND ORDER** |
| **Ohio Adult Parole Authority,** | ) |
| | ) |
| **Defendant.** | ) |

*Pro se* plaintiff Lee Collins, an Ohio prisoner, filed this civil rights action under 42 U.S.C. §1983 against the Chairperson of the Ohio Adult Parole Authority. (Doc. No. 1.) His complaint challenges the constitutionality of the post release control portion of his state sentence. The only relief he seeks is to have that portion of his sentence terminated. (*Id.* at 5.)

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), federal district courts are expressly required under 28 U.S.C. § 1915A to screen any complaint in a civil action in which a prisoner seeks redress from an officer or employee of a governmental entity, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §1915A; *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). To survive a dismissal for failure to state

a claim, a *pro se* complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill*, 630 F.3d at 471 (holding that the dismissal standards articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) govern dismissals for failure to state a claim under 28 U.S.C. § 1915A).

The plaintiff's action must be dismissed for failure to state a claim. A civil rights action under § 1983 is not the appropriate mechanism for a person in state custody to challenge the legality of a conviction or sentence. "The proper vehicle to challenge a [state] conviction is through the state's appellate procedure and, if that fails, *habeas* relief under 28 U.S.C. § 2254." *Jackim v. City of Brooklyn*, No. 1: 05 CV 1678, 2010 WL 4923492, at *4 (N.D. Ohio November 29, 2010). A prisoner may not use a civil rights action as an alternative to a petition for a writ of *habeas corpus* to challenge the legality of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (a prisoner who challenges the fact or duration of his confinement must do so through an application for a writ of *habeas corpus*).

Accordingly, if the plaintiff wishes to pursue his claims to terminate a portion of his state sentence, he must do so in a *habeas corpus* proceeding after he has exhausted available state court remedies.

This civil rights action is dismissed pursuant to 28 U.S.C. § 1915A, and the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Donald C. Nugent 11/19/18
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE